IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Waycross Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>04-50828</u> |
| LARRY J. BATTEN, | ) | |
| BRENDA A. BATTEN, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| LARRY J. BATTEN, | ) | |
| BRENDA A. BATTEN, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARY JANE CARDWELL, | ) | |
| | ) | |
| Chapter 7 Trustee. | ) | |

### Memorandum Opinion and Order

By motion, Larry J. Batten and Brenda A. Batten ("Debtors") seek to amend the schedules in their Chapter 7 case to reflect a tort claim that arose the same month Debtors received a discharge. Because the post confirmation, post conversion tort claim is not property of the estate and because it is not a property interest covered by Bankruptcy Rule 1007(h), Debtors' motion to amend their bankruptcy schedules is **DENIED** as unnecessary and improper. This Court has jurisdiction to decide this matter under 28 U.S.C. §157(b)(2)(A).

## Findings of Fact

On May 20, 2004, Debtors filed a Chapter 13 case and proposed a plan to pay unsecured creditors a pro-rata distribution upon confirmation. The plan was confirmed on December 9, 2004.[1] On January 30, 2006, a motion filed by Debtors, pursuant to 11 U.S.C. § 1307(a) was granted, converting their chapter 13 case to a case under chapter 7 of the Bankruptcy Code. Debtors received a discharge in their chapter 7 case on May 18, 2006.

According to the pending motion Debtor Larry Batten was involved in an automobile accident and seriously injured in May 2006. Debtors have filed a motion to amend their schedules to disclose the potential of an unliquidated claim for personal injury to their list of personal property in Schedule B and as an exemption in Schedule C. As of July 20, 2006, the date this motion was heard, no lawsuit had been filed in connection with the car accident.

---

[1] Confirmation order signed by the Honorable James D. Walker, Jr., who served as United States Bankruptcy Judge for the Southern and Middle Districts of Georgia until March 22, 2006, when his authority in the Southern District of Georgia was terminated, pursuant to 28 U.S.C. § 152, upon the appointment of the Honorable Susan D. Barrett. Judge Walker's pending cases in the Southern District were reassigned to me.

2

Conclusions of Law

Bankruptcy Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." F.R.B.P. 1009(a). Because Debtors' personal injury cause of action arose post petition, post confirmation, and post conversion to Chapter 7 it is not part of the bankruptcy estate. Witko v. Menotte (In re Witko), 374 F.3d 1040 (11th Cir. 2004). The potential personal injury claim "belongs to the Debtors and not the bankruptcy estate"; therefore Debtors are under no obligation to amend their schedules. In re Carter, 258 B.R. 526 (Bankr. S.D. Ga. 2001).

Upon filing for bankruptcy protection, a debtor is required to disclose all assets, including potential causes of action, that fall "within the broad definition of property of the estate under [11 U.S.C. §] 541(a), which includes 'all legal or equitable interests of the debtor in property as of the commencement of the case.'" Collier on Bankruptcy ¶ 521.06[3][a] (15th ed. rev. 2006).[2] "If an interest is not property on the date a

---

[2] 11 U.S.C. § 521 (1) provides: "The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the

3

case is filed, it is not covered." Bracewell v. Kelley (In re Bracewell), 454 F.3d 1234 (11th Cir. 2006)(interpreting the plain meaning of "property of the estate" pursuant to 11 U.S.C. § 541 (a)(1)). This duty to disclose property of the estate is a continuing one. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002)(stating "a debtor must amend his financial statements if circumstances change").

However, this on going duty does not extend to assets that are not part of the bankruptcy estate.³ The Eleventh Circuit has plainly stated that "pre-petition

---

debtor's financial affairs." 11 U.S.C. § 521 (1)(2004)(amended 2005).

³ The court in Burnes, 291 F.3d 1282, relied on the Fifth Circuit's decision in In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999). However, a close reading of Coastal Plains, reveals that this on going duty to disclose does not extend to assets that are not part of the bankruptcy estate. The court in Coastal Plains cited to cases involving *pre-confirmation* causes of action to conclude that a debtor does have an on going duty to disclose potential causes of action. For example, the court in Coastal Plains reasoned that when " 'the debtor has enough information ··· *prior to confirmation* to suggest that it may have a possible cause of action, *then that is a "known" cause of action such that it must be disclosed*' ". Id. at 208 (quoting Union Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.), 183 B.R. 812, n. 17 (Bankr. N.D. Ill. 1995), which noted that a "known cause of action" that requires disclosure is "a situation where the debtor knows "of all of the facts that were pertinent to its current lawsuit *when it filed bankruptcy* ... [and no] new information was acquired post-filing..." or where the "facts underlying the cause of action were known to Debtor ... *before the plan was confirmed*")(emphasis added)).

4

AO 72A
(Rev. 8/82)

causes of action are part of the bankruptcy estate and post petition causes of action are not." <u>Witko</u>, 374 F.3d at 1042. Accordingly, because it is not part of the bankruptcy estate there is no on going duty to disclose a post petition cause of action.

Furthermore, there is no duty to disclose a cause of action that accrues post confirmation. An interest that arises post confirmation is not property of the estate, because upon confirmation of the plan, all property "not necessary to fulfillment of the plan" vests in the debtor. 11 U.S.C. § 1327(b); *See* <u>Telfair v. First Union Mortgage Corp.</u>, 216 F.3d 1333, (11th Cir. 2000)(adopting the estate transformation approach to reconcile the conflicting interpretations of § 1306 and § 1327(b) to mean "the plan upon confirmation returns so much of that property to the debtor's control as is not necessary to the fulfillment of the plan"); *See also* <u>Carter</u>, 258 B.R. at 527. As a result, a debtor is under no obligation to disclose the post confirmation acquired asset unless the property is of the type covered by F.R.B.P. 1007(h), which pursuant to Section 541(a)(5) only includes those interests that the debtor acquires within the 180 days of filing the petition that are a result of inheritance, property settlement with the

5

debtor's spouse, or life insurance proceeds require an on-going duty of disclosure.[4] F.R.B.P. 1007(h); 11. U.S.C. § 541 (a)(5)(A), (B) and (C).

Moreover, the conversion of their chapter 13 case to a case under chapter 7 had no effect on the Debtors' duty to disclose because the post conversion cause of action did not become property of the estate. Property of the estate upon conversion from chapter 13 to a case under another chapter consists of "property of the estate, as of the date of filing the petition, that remains in the possession of or is under the control of the debtor on the date of conversion" unless there is evidence of bad

---

[4] F.R.B.P. 1007(h) states:
    If as provided by §541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the chapter 7 liquidation case, ... If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule. The duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that a schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

6

faith. 11 U.S.C. § 348(f)(1)(A) & (2). The schedules filed before the conversion "shall be deemed filed in the converted case unless the court directs otherwise." F.R.B.P. 1007(c). "Unless such categories of property [as set out by Federal Rule of Bankruptcy Procedure 1007(h)] are involved, there is no duty of a debtor to file new schedules after conversion." DiBraccio v. Ferretti (In re Ferretti), 230 B.R. 883 (Bankr. S.D. Fla. 1999).

In the present case, the events that gave rise to the potential personal injury claim occurred post petition, post confirmation, and post conversion. Therefore the claim is not property of the estate. Because it is not property of the estate, the potential claim has no implication on Debtors' confirmed Chapter 13 bankruptcy proceeding. Any recovery that results from this post confirmation car accident belongs to Debtors. See Carter, 258 B.R. at 528.

Further, this potential cause of action arose out of a post confirmation car accident and is thus not the type of property covered by Rule 1007(h). Additionally, upon conversion the Debtors were not required to amend their schedules because the cause of action was not and could not have been property of the bankruptcy estate. See

7

Carter, 258 B.R. at 527. It follows that Debtors have no on going duty to amend their schedules to disclose this potential asset.

It is therefore **ORDERED** that Debtors' motion to amend their schedules to disclose a potential personal injury claim is **DENIED**.

_____
JOHN S. DALIS
UNITED STATES BANKRUPTCY JUDGE

Dated at Brunswick, Georgia

this 28th Day of September, 2006.

AO 72A (Rev. 8/82)